IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY HAWKINS                                                                              PLAINTIFF

V.                                            NO. 14-5130

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Mary Hawkins, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II an XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on October 14, 2010, alleging disability since September 28, 2010, due to weight bearing joint injury, sleep apnea, nephrectomy, and arthritis in her neck. (Tr. 140-153, 165, 171).  An administrative hearing was held on May 14, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 23-44).

By written decision dated July 20, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – status post left ankle open reduction and internal fixation, hypertension, and degenerative disc

1

disease of the cervical spine. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). (Tr. 16). With the help of a vocational expert (VE), the ALJ determined Plaintiff was capable of performing her past relevant work as a receptionist, graphic artist and document examiner. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on February 19, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Tr. Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the

2

record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See

20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues in this matter:  1)  Whether the ALJ erred in finding Plaintiff's obesity was not severe and in not finding Plaintiff lacked any reaching limitations;  2)  Whether the ALJ erred by failing to include manipulative and postural limitations; and 3) Whether the ALJ erred in rejecting Plaintiff's complaint of disabling pain. (Doc. 9).

On June 13, 2011, Dr. Tad Morgan conducted a General Physical Examination, wherein he reported that Plaintiff favored her left ankle and had decreased range of motion in her left ankle, and walked with a slight limp. (Tr. 234).  Dr. Morgan ultimately concluded that Plaintiff would have moderate limitation in her ability to walk, stand, lift, or carry. (Tr. 235).  In his decision, the ALJ took this opinion under advisement, "but found it inconsistent with the essentially normal physical examination,…." (Tr. 13).

On June 22, 2011, non-examining consultant Dr. David Hicks completed a Physical RFC Assessment, wherein he found Plaintiff would be able to perform light work, but would be limited in reaching in all directions – and limited to only occasional overhead reaching. (Tr. 239).  On August 14, 2011, non-examining consultant, Dr. Bill Payne, affirmed Dr. Hicks' opinion. (Tr. 244).   In his decision, the ALJ reported that he considered the evidence of record as a whole and found that "state agency examiners' assessment of the claimant's residual functional capacity is not consistent with the testimony, new medical evidence and findings of the undersigned Administrative Law Judge." (Tr. 17).

On April 20, 2012, Plaintiff was seen by Dr. Stephen Hennigan, an infectious disease specialist, because Plaintiff's treating physician, Dr. Mark Bonner, referred Plaintiff to him after complaining of swollen knee, increased thirst, fever, rash, joint pain, headache, and left ankle stiffness. (Tr. 262, 276). Dr. Hennigan found Plaintiff's knee to be extremely swollen, and she had a rash all over her face. (Tr. 276). Although her fever had subsided, her joint pain, severe malaise and listlessness had persisted. (Tr. 276). Dr. Hennigan assessed Plaintiff with unspecified polyarthropathy or polyarthritis involving multiple sites and fever, unspecified. (Tr. 277). Dr. Hennigan believed Plaintiff's illness was suggestive of an infection, which could be viral, bacterial (especially endocarditis) or perhaps even noninfectious, such as newly developing rheumatoid arthritis or lupus. (Tr. 277). At the time of the hearing, Dr. Hennigan was still conducting tests on Plaintiff. (Tr. 40).

On June 5, 2012, Plaintiff saw orthopedist, Dr. Carl M. Kendrick, of Ozark Orthopaedics, complaining of both neck and lower back pain. (Tr. 291). She had a limited range of motion of her neck and a positive Phalen's test in her wrist. (Tr. 291). An x-ray revealed she has significant disk change at C5 and then lesser at C6. There was a little subluxation of C4 on 5, but not significantly so. On the oblique views on the left side, there was a spur that was beginning in the foramen, which was fairly small, and Plaintiff had cervical spondylosis. (Tr. 291). Dr. Kendrick explained the treatment options to Plaintiff, and reported she had an ankle problem. "She cannot walk without having significant trouble" and was going to see Dr. Pleimann, another orthopedist. (Tr. 291). Dr. Kendrick wrote Plaintiff a prescription for cervical rehab and for them to instruct her in a stationary bicycle. (Tr. 291).

On June 6, 2012, Plaintiff saw Dr. Jason H. Pleimann, of Ozark Orthopaedics, regarding her left ankle pain. (Tr. 290). On examination, Plaintiff's left ankle showed mild diffuse swelling. She had mildly limited ankle range of motion with tenderness across the anterior ankle joint line, palpable dorsalis pedis pulse in the foot, grossly intact light touch sensation in the dorsal and plantar foot. (Tr. 290). Dr. Pleimann diagnosed Plaintiff with posttraumatic arthritis, left ankle. (Tr. 290). Plaintiff and Dr. Pleimann discussed braces, injections, and fusion, and she decided she was going to "live with it" for now and try some braces off the shelf. (Tr. 290). On July 10, 2012, Dr. Kendrick saw Plaintiff, who was doing better. (Tr. 289). He noted that Plaintiff was "unable to walk," but they discussed the stationary bicycle. They also discussed some intermittent things for her back, including the possible use of traction intermittently. (Tr. 289).

After discussing Plaintiff's visit to Dr. Hennigan, the ALJ reported that that although Plaintiff had a slight limp on one visit, she did not consistently have ambulation difficulties, and she did not have evidence of major dysfunction of one major peripheral weight bearing joint resulting in an inability to ambulate effectively. However, the ALJ failed to discuss what impact Dr. Hennigan's diagnosis of polyarthropathy or polyarthritis might have on Plaintiff's ability to function, and further failed to discuss Plaintiff's visits to Drs. Kendrick and Pleimann, both orthopedic specialists. In fact, Dr. Kendrick stated in two separate reports that Plaintiff "cannot walk without having significant trouble" (Tr. 291), and "is unable to walk." (Tr. 289).

The Court also notes that the ALJ discounted the opinions of Dr. Morgan and Dr. Hicks and Dr. Payne, finding them to be "inconsistent with the essentially normal physical

6

examination," (Tr. 13) and "not consistent with the testimony, new medical evidence and findings of the undersigned Administrative Law Judge." (Tr. 17).

The Court finds this matter should be remanded to the ALJ in order to have Dr. Kendrick and/or Dr. Pleimann complete a Physical RFC Assessment, or to have Plaintiff submit to an examination by a physician, who should complete a Physical RFC Assessment, in order to determine the impact Plaintiff's more recent diagnoses relating to her disk change at C5 and then lesser at C6, polyarthropathy or polyrarthritis, and posttraumatic arthritis of her ankle, will have on her ability to function in the workplace. It is also suggested that the ALJ present interrogatories to Dr. Hennigan, to determine what impact, if any, Plaintiff's possible infection might have on her ability to function in the workplace.

## IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, this matter is reversed and remanded to the Commissioner for further consideration in accordance with this opinion, pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 19th day of August, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE